UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NESTOR DARIO CASTRO | ) | Crim. No. 06-101-2 (GK) |
| a/k/a "Alberto" | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SUBMISSION IN RESPONSE
TO COURT'S MEMORANDUM ORDER OF DECEMBER 12, 2007

The Court's December 12, 2007 Order (ECF document 18) instructed the government to provide "detailed information to the Court regarding all efforts it has made to obtain the presence of any remaining individuals to be charged as codefendants; to obtain transcripts of the recorded telephone calls, e-mails and video and/or audio recorded meetings held in four different countries; wiretap evidence, if any exists, and to inform the Court whether it has made a Request for Judicial Assistance to the countries of Honduras, Nicaragua, Panama and Colombia; and whether it has made a Vienna Convention Mutual Legal Assistance Request to those four countries." The government submits the following information in response to that order.

**1. Status of Codefendants**

On October 5, 2007, Nestor Dario Castro was extradited from Panama to the United States. On January 11, 2008, Harol Rodrigo Suarez-Garcia was extradited from Panama to the United States. The other three codefendants charged in the indictment remain fugitives.

Although the United States is actively pursuing them, it does not seek to delay trial pending their capture.

2. **Status of Transcripts, Translations and the Discovery Process**

This case involves over 50 recorded phone calls and several hours of body-wire and undercover audio-video recordings in Spanish in Panama, Nicaragua, Honduras, and Colombia. The process of preparing transcripts for trial in this case involves several steps. First, the recordings must be listened to individually to determine their sound quality. Second, those which are of high sound quality are sent directly to translation, while those of marginal sound quality are first sent to the U.S. Secret Service for enhancement. The translators must first listen to the recordings and transcribe them into the original Spanish, and then translate the conversations into English.

Once the preliminary draft transcripts are received from the translators, they are forwarded to defense counsel and to DEA agents in Las Vegas, who – in consultation with the cooperating source (CS) – must review the transcripts while listening to the recordings in order to insert the names of the speakers into the transcripts. If errors are discovered in the transcripts, they are returned to the translators who must listen to the recordings again to determine whether or not they agree that their original transcription was erroneous. Once each transcript is finalized, it is then sent to defense counsel to replace the original preliminary transcript, so that defense counsel may bring to the government's attention any potential inaccuracies in the final version.

On November 13 and 14, 2007, the undersigned spent two full days in Las Vegas, Nevada

2

reviewing the recordings with the DEA and the cooperating source (CS) in order to verify the sound quality. Based on that review, the government – on November 21 and 29, 2007 -- sent out two hours of telephone recordings to be transcribed and translated without audio enhancement. On November 29, 2007, the government delivered eight evidentiary exhibits totaling approximately four hours of recording time to the Secret Service for audio and video enhancement.

The government recently received the preliminary draft transcription-translations relating to the initial two hours of recorded conversation. It has sent those preliminary transcripts to defense counsel for Mr. Castro and to the DEA so that the speakers' names can be inserted.

The government recently received the approximately four hours of recordings enhanced by Secret Service, and sent those out for translation on January 8, 2008, as well as sending copies to defense counsel for Mr. Castro. The translation contractors have not yet provided the government with an estimate of when the enhanced transcription/translation project will be completed, though the government estimates that it will be completed within 60 days.

The government has presently provided a total of four packages of discovery to defense counsel representing Mr. Castro (see attachments A - D), including all processed Secret Service enhancements, and all of the draft, preliminary transcripts and translations in its possession as of January 10, 2008. The government will provide the same discovery to counsel for Mr. Suarez on or before January 18, 2008. The government intends to provide defense counsel for both defendants with the preliminary, draft transcripts pertaining to the additional four hours of recorded material as soon as it receives them. Finally, when the government receives the finalized transcripts with the names of the speakers, it will immediately forward them to defense

counsel so that counsel has time to notify the government of any alleged errors in the final transcripts.

### 3. Status of any MLAT or Vienna Convention Assistance Requests

The government has not made, and does not anticipate making, any formal requests for evidence to the countries of Panama, Nicaragua, Honduras and Colombia in the form of Mutual Legal Assistance Treaty (MLAT) requests or Vienna Convention Requests, because the DEA Country Offices in those countries have informed the undersigned that all evidence needed may be obtained informally. DEA is in the process of gathering informally any foreign undercover law enforcement reports in the above countries that relate to this case, which the government will forward to defense counsel upon receipt.

### 4. Government Counsel's Schedule

The undersigned wishes to inform the Court that he is starting a trial on March 3, 2008 in front of Judge Lamberth that is expected to last four to six weeks (United States v. Juvenal Ovidio Ricardo Palmera Pineda, a/k/a "Simon Trinidad", Criminal No. 02-112-12 (RCL)), and thus will be unavailable for trial in the present case during that period. Furthermore, the undersigned will be in trial on March 20, 2008, the date of the next status conference. Thus, the undersigned would request, if possible, a new status conference date prior to March 3, 2008.

Respectfully submitted,

James A. Faulkner
Trial Attorney
Narcotic and Dangerous Drug Section
United States Department of Justice

4

1400 New York Ave., NW, 8th Floor
Washington, D.C.  20005
202-616-8648

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was delivered to defense counsel via ECF on this date, January 15, 2008.

_____
James A. Faulkner