UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            :

     v.                                    :       CR. NO. 06-101-01 (GK)

HAROL SUAREZ-GARCIA                 :

DEFENDANT'S REQUEST FOR NOTICE OF GOVERNMENT'S
INTENTION TO USE RULE 404(B) EVIDENCE AT TRIAL

    The defendant, through undersigned counsel, pursuant to Rules 104(a), 403, and 404(b) of the Federal Rules of Evidence, respectfully moves this honorable court to order the government to provide notice of its intention to use at trial (either in its case-in-chief or in its rebuttal case) any evidence which the government contends is admissible under FRE 404(b). In support of his request, the defendant states the following:

    1. The defendant stands indicted along with three other individuals in a conspiracy to distribute cocaine and heroin. Specifically, the defendants are charged with to participating in a lengthy and complex series of dealings in which the government contends that they attempted to sell drugs to a Las Vegas contact, or trade drugs for weapons. The weapons were, according to the indictment, to be used by the AUC, a right wing paramilitary group operating in Colombia.

    2. The defendant is requesting that this court order the government to provide advance notice of evidence of "similar acts" or other illegal acts that it intends to introduce at trial pursuant to FRE 404(b). This request extends to information *regarding narcotics activities or*

1

terrorist acts that it will introduce that might involve the defendant or any of his co-defendants.[1] Such disclosure is particularly important in this case since, to counsel's knowledge, no drugs were ever produced by the defendants or seized by the government. Additionally, the defendant maintains that other than conversations that might have occurred during the alleged conspiracy, there is no independent evidence of involvement by any of the defendants in the affairs of the AUC.

    3. The introduction of "similar acts" evidence may be extremely prejudicial to the defendant. Due process imposes an obligation on the government to formally disclose its intention to use such evidence and the nature of the evidence. Only then can the defense be in a position to effectively investigate and rebut the proffered evidence. Moreover, under Rule 104(a) of the Federal Rules of Criminal Procedure, preliminary questions regarding admissibility of evidence shall be determined by the court. This is especially crucial in this case since all of the activities of the defendants occurred in South or Central America. If there is the need to investigate such additional crimes or bad acts, counsel must be given early notice to determine the nature and extent of investigation that is necessary. Additionally, if the court is aware that the government will seek to introduce Rule 404(b) evidence, the admissibility issue can be litigated prior to trial, thus expediting the trial while allowing careful scrutiny by the court.

    4. Further, disclosure will allow the defense a fair opportunity to meet the similar act evidence on the merits and prevent prejudicial surprise. See <u>Baum v. United States,</u> 482 F.2d 1325 (2nd Cir. 1973). Further, the parties may be able to stipulate to the facts in issue, thus

---

[1] It should be noted that at this time only two of the charged defendants are scheduled to go to trial. The remaining defendants remain at large.

rendering the introduction of similar acts evidence unnecessary, and, once again, expediting the trial. See <u>United States v. DeVaugh</u>, 601 F.2d 42, 46 (2nd Cir. 1979).

      WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court grant his request and require the government to promptly disclose its intention to use other crimes evidence.

      Respectfully submitted,

_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

## CERTIFICATE OF SERVICE

      I hereby certify that on this \_\_\_\_ day of March, 2008, a copy of the foregoing was served through electronic filing on Jim Faulkner of the United States Department of Justice and Manuel Retureta, counsel for the co-defendant.

_____
Edward C. Sussman

3