UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            :

            v.                      :            CR. NO. 06-101-01 (GK)

HAROL SUAREZ-GARCIA                 :

### DEFENDANT GARCIA'S MOTION FOR DISCLOSURE OF CO-DEFENDANT STATEMENTS PURSUANT TO UNITED STATES V. BRUTON

The defendant, through undersigned counsel, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the due process clause of the U.S. Constitution,  respectfully requests that this honorable court order the government to inform the defendant -at the earliest possible time- of any expert testimony it intends to elicit at the defendant's trial. In support of his request, the defendant states the following:

1. The defendant was indicted in connection with conspiracy to distribute cocaine and heroin, or to exchange those substances for weapons.

2.  All of the important events in this matter occurred outside of the United States. The government alleges that the defendant, and perhaps some or all of his co-conspirators, were members of the AUC, a right wing paramilitary group operating in Colombia.

3. Due to the nature of the charges it is clearly foreseeable that the government might offer expert testimony under FRE 702 or FRE 703 regarding drug distribution in Central and South America  the operations of South American paramilitary groups, and/or weapons trafficking.  Because of the inherent difficulties investigating matters relating to matters

occurring in South and Central America, it is vital to the presentation of a fair defense that the

defense be informed, at the earliest possible time, of the name and credentials of any expert, the

subject of expert testimony, and be provided a summary of such testimony.  Only then will the

defense be permitted to investigate the matters and obtain the information necessary to rebut the

testimony or mount a proper defense.

4. In this regard, the defendant is not requesting information concerning "garden variety"

experts such as DEA chemists or police officers testifying about street drug distribution.  Such

testimony is generally fairly standard and preparation to deal with it is fairly straightforward.

5. The defendant anticipates that any expert testimony in this case will be complex and

require substantial preparation from the defense.

6. The interests of justice require that this motion be granted.

4. At present, the government has not disclosed any post-arrest statements. While

counsel assumes that this is indicative of the fact that none exist, the defendant wishes to assured

in this regard. Consequently, counsel is requesting that the court order such disclosure or simply,

for the government's statement that none exist.

WHEREFORE, for the foregoing reasons, the defendant requests that this honorable court

order the prompt disclosure of the information that he seeks.

Respectfully submitted,


_____/s/_____
Edward C. Sussman No. 174623
Counsel for Defendant Suarez-Garcia
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110




CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008,  a copy of the foregoing was

served electronically on Jim Faulkner, Esq.,  U.S. Department of Justice, and Manuel Retureta,

Esq., counsel for the co-defendant.




_____/s/_____
Edward C. Sussman