UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Crim. Case No.:  06-101  (GK) |
| **NESTOR DARIO CASTRO, et al.** | |

**DEFENDANT'S MOTION FOR DISCLOSURE OF
GOVERNMENT'S INTENT TO INTRODUCE RULE 404(b) EVIDENCE AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**COMES NOW DEFENDANT, Nestor Dario Castro** (hereinafter referred to as "Mr. Castro"), by and through undersigned counsel, and respectfully asks this Court for an order directing the government to disclose to undersigned counsel its intention to introduce at trial any evidence of other crimes, wrongs or acts which the government contends is admissible under Rule 404(b) of the Federal Rules of Evidence.

Accordingly, defendant respectfully asks the Court to order the disclosure of the following information:

1. Any evidence of other crimes, wrongs or "bad acts" that the government intends to introduce at trial against defendant which is not charged in the indictment herein and not alleged as part of any conspiracy charged in the indictment herein;
2. Any evidence of other crimes, wrongs or "bad acts" that the government intends to introduce at trial against defendant pursuant to Fed.R.Evid. 404(b);
3. Any evidence of other crimes, wrongs or "bad acts" that the government intends to introduce at trial against any party mentioned in the indictment herein, which is not charged in the indictment herein and not alleged as part of any conspiracy charged in the indictment herein;
4. Any evidence of other crimes, wrongs or "bad acts" that the government intends to introduce at trial against any party charged herein pursuant to Fed.R.Evid. 404(b);
5. Any evidence of other crimes, wrongs or "bad acts" that the government intends to introduce at trial concerning a co-conspirator(s) (regardless of whether said co-conspirator(s) was charged or named in the indictment herein) which is not charged in

    the indictment herein and not alleged as part of any conspiracy charged in the indictment herein;
6. Any evidence of other crimes, wrongs or "bad acts" that the government intends to introduce at trial concerning a co-conspirator(s) (regardless of whether said co-conspirator(s) was charged or named in the indictment herein) pursuant to Fed.R.Evid. 404(b).

## Memorandum of Points and Authorities In Support

The introduction of "other crimes, wrongs or acts" evidence would be extremely prejudicial. The due process of law imposes on the government an obligation to notify defense counsel prior to trial and disclose "other crimes" and other Rule 404(b) evidence it intends to use at trial.

Fed.R.Evid. 104(b) empowers the court to decide preliminary questions of admissibility. The court must employ a two-step test to determine if prior "bad acts" evidence is admissible. *Clarke v. United States,* 24 F.3d 257, 264 (D.C.Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character." *Id.; see also, Huddleston v. United States,* 485 U.S. 681, 686 (1988). The evidence may be offered for any purpose so long as it is not offered solely to prove character of a person in order to show action in conformity therewith. Fed.R.Evid. 404(b). Next, if the contested evidence is offered for a permissible purpose, "the second step requires that the evidence not be inadmissible under Rule 403." *Clark, supra,* 24 F.3d at 264. In other words, the "probative value of the evidence [must] not be 'substantially outweighed' by its potential prejudice." *United States v. Miller,* 895 F.2d 1431 (D.C.Cir.)(quoting *Huddleston,* 485 U.S. at 687), *cert. denied,* 498 U.S. 825 (1990).

By disclosing 404(b) evidence prior to trial, preliminary questions of admissibility can be litigated beforehand and eliminate needless disruptions during trial. Pre-trial disclosure will also allow the defense an opportunity to prepare to meet the "bad acts" evidence on its merit and prevent prejudicial surprise to the defense and litigation by ambush. *See United States v. Baum,*

482 F.2d 1325, 1331 (2nd Cir. 1973). Moreover, the defense is prejudiced if it is surprised and unable to counter the evidence. Counsel should have an opportunity to investigate in order to show that the evidence does not meet the requisite standard. *Huddleston v. United States,* 485 U.S. 681, 689-691 (1988).

In this jurisdiction, merely providing such evidence to the defense in discovery is not enough to satisfy the notice requirements of Fed.R.Evid. 404(b). The rule requires that the prosecution specifically disclose "the general nature of any such evidence it intends to introduce at trial." *United States v. Spinner,* 152 F.3d 950 (D.C. Cir. 1998).

### Past Litigation & "AUC" Evidence

Mr. Castro's specific concern deals with the anticipated government evidence regarding a "…right wing terrorist organization, the AUC… ." ECF Doc. 44, Gov. Opp, p.2. The quoted language comes from the government opposition to codefendant Suarez's previously filed request for Rule 404(b) notice. ECF Doc. 40. Mr. Castro must receive notice of how the government intends to introduce evidence about the AUC; especially when the AUC is already labeled a "right wing terrorist organization."

In the government opposition to codefendant Suarez's 404(b) evidence request, it is specifically stated that:

> The government will present evidence of each defendant's relationship with the AUC, as it pertains to this conspiracy, without going into other crimes they may have committed pursuant to their relationship with the right-wing paramilitary group.

ECF Doc. 44, *supra.* It is submitted that *any* relationship with a "right-wing paramilitary" group will yield prejudicial evidence and evidence of other crimes. This information needs to be disclosed to the defense so it may be litigated pretrial.

3

**WHEREFORE**, Mr. Castro, for the foregoing reasons and those that may appear at a hearing on this request, respectfully asks this Court for an order directing the government to disclose prior to trial its intention to offer in evidence (either in its case-in-chief or in rebuttal) any evidence which the government contends is admissible under Fed.R.Evid. 404(b).

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C.  20004
(202) 220-3073
(202) 220-3130 Fax

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF.

_____/s/_____
Manuel J. Retureta, Esq.