**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal Action No. 06-101 (GK)** |
| ) | |
| **HAROL SUAREZ-GARCIA** ) | |
| ) | |
| **Defendant** ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The defendant, through undersigned counsel, respectfully requests that the court instruct the jury as follows:[1]

## I. GENERAL INSTRUCTIONS & DEFINITIONS

### JURY INSTRUCTION NO. 1

Members of the jury, you are about to enter your final duty in this case, which is to decide the issues of fact and to return verdicts as to defendants' innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty. I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

---

[1] Counsel respectfully reserves the right to amend these proposals in keeping with evidence adduced at trial.

## JURY INSTRUCTION NO. 2

### FUNCTION OF THE COURT

The function of the Court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## JURY INSTRUCTION NO. 3

### FUNCTION OF THE JURY

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect, and the value of the evidence and the credibility of the witnesses. You should determine what happened without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration. The actions of the Court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. If you believe I have expressed or intimated any opinion as to the facts, you should ignore it. What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and

sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

## JURY INSTRUCTION NO. 4

### CONSIDER EACH DEFENDANT SEPARATELY

Each defendant on trial is entitled to your separate consideration regarding his guilt or innocence. The evidence pertaining to each defendant should be considered and decided separately. The fact that you may find one or more of the accused guilty or not guilty on the offense charged should not control your verdict as to the other defendant.

## JURY INSTRUCTION NO. 5

### NATURE OF CHARGES NOT TO BE CONSIDERED

You are specifically cautioned against permitting the character of any charge itself to affect your minds in arriving at your verdict. You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

## JURY INSTRUCTION NO. 6

### INDICTMENT NOT EVIDENCE

You will be provided with a copy of the indictment against the defendants. You are reminded, however, that the indictment is not evidence. An indictment is merely the formal manner

of accusing a person of a crime in order to bring him to trial. You must not use the indictment for any purpose other than informing yourselves of the charges you are to consider. In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any inference of guilt from it. The opening statements and closing arguments of counsel are also not evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties.

## JURY INSTRUCTION NO. 7

## STATEMENTS AND QUESTIONS BY COUNSEL

The questions put to the witnesses by counsel are likewise not part of the evidence in the case. If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question. If a witness agrees with an assertion by counsel, the question and answer, taken together, may be considered as evidence by you.

Finally, anything you may have heard or seen outside this courtroom is not evidence and must be disregarded.

## JURY INSTRUCTION NO. 8

## COMMUNICATIONS AMONG DEFENDANTS' COUNSEL
## AND DUTY OF DEFENSE COUNSEL

At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective

assistance of counsel. Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution. Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not take any negative inference from any defendant's decision to cross-examine or to refrain from cross-examination of any witness. In addition, you may have also noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication.

Indeed, in a case of this length, it's natural for defense counsel to cooperate and consult with one another.  You should know that, at times, I have required them to do that. These circumstances do not mean that you should regard the defendants as one person or entity. Each defendant is entitled to your separate consideration.


## JURY INSTRUCTION NO. 9

### INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections, nor against his client. It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been. If the objection was overruled, treat the answer like you would any other.

If, after a question was asked and an answer given by a witness, the Court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations. Likewise, any other matters to which the Court has sustained an objection or which the Court has ordered you to disregard are not evidence and you must not consider them.

## JURY INSTRUCTION NO. 10

## EVIDENCE OF ACTS NOT CHARGED IN INDICTMENT

You have heard testimony of criminal acts purportedly committed by one or more of the defendants with which they are not formally charged in the indictment. That evidence was admitted for various collateral purposes, such as to show the relationship between the defendants and others involved in their activities, or to show motive, opportunity, intent, preparation, planning, knowledge, identity or absence of mistake or accident with respect to those crimes with which a defendant is actually charged here.

You are instructed that if you find that a defendant did engage in criminal activity not charged to him here, you are not to draw an inference from such a finding that the defendant is a person of bad character and that he must therefore be guilty of the crimes with which he is charged.

In other words, the fact that a defendant broke the law on other occasions is not by itself evidence that he committed any offense for which he is now on trial.

## JURY INSTRUCTION NO. 11

## EVIDENCE IN THE CASE

I have instructed you on what you must not consider as evidence. Now I will instruct you as to the evidence that you are to consider. The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them. Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

The government and the defendants have stipulated, that is agreed to, certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven.

The Court may take judicial notice of public acts, places, facts and events which are matters of common knowledge, such as court records, or which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. When the Court takes judicial notice of a particular fact, you may regard that fact as proven evidence.

## JURY INSTRUCTION NO. 12

## EVIDENCE ADMITTED FOR LIMITED PURPOSES OR
## AGAINST ONE DEFENDANT ONLY

During the trial certain evidence was admitted only for a limited purpose or with respect to one defendant and not against the other defendant. You may consider such evidence only for that

limited purpose or with respect to the defendant against whom it was offered. You must not consider it otherwise in your deliberations.

## JURY INSTRUCTION NO. 13

### JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection of the evidence, I instruct you that it is your recollection that should control during your deliberations.

## JURY INSTRUCTION NO. 14 (If Applicable)

### NOTETAKING

During the trial I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, please tear out from your notebooks any notes that you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will ever look at your notes.

## JURY INSTRUCTION NO. 15

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses. That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case: direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

## JURY INSTRUCTION NO. 16

## BURDEN OF PROOF

Now I must instruct you on the burden of proof. Each and every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the guilt of each and every defendant on each and every offense charged in the indictment beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable

doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden of proving every element of the offense beyond a reasonable doubt, you must find the defendant not guilty. If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find that defendant guilty.

## JURY INSTRUCTION NO. 17

### REASONABLE DOUBT

In a criminal case, the government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases, such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.  As I told you previously, a defendant in a criminal case is presumed to be innocent, and that presumption remains with him throughout the trial.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

10

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## JURY INSTRUCTION NO. 18
## CREDIBILITY OF WITNESSES

In determining whether the government has established the charges against the defendants beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, and in weighing the testimony of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness here on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; and whether the witness has any interest in the outcome of this case, or friendship or animosity toward other persons concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of

different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. An innocent misrecollection, like failure of recollection, is not an uncommon experience in life. In weighing the effect of the discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence. If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side of this trial, you may consider and determine whether such bias or prejudice has so colored the testimony of such witness so as to affect the desire and capability of that witness to tell the truth. You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

Several witnesses have acknowledged that they have conferred with counsel in advance of their testimony. You are instructed that it is lawful and proper and, indeed, to be expected that the attorney who proposes to call a witness will confer with the witness before trial. The purpose of such a conference is to enable counsel to ascertain what the witness knows of his own personal knowledge and the extent to which the witness's testimony will be admissible in evidence. The purpose is also to alert the witness as to what he will be asked to enable him to focus his recollections.

## JURY INSTRUCTION 18A

## USE OF PSEUDONYM

You have heard testimony that one of the government witnesses has testified under a false name for reasons of his safety.  Any protection afforded this witness should neither enhance the witness' credibility or indicate in any way that either of the defendants poses a danger to his safety. Because of the involvement of the witness in numerous investigations, safety concerns have been raised, and protective measures put in place.

## JURY INSTRUCTION 18B

## AUC CONNECTIONS

You have hard testimony concerning the activities of certain paramilitary groups in Colombia.  Those activities are wholly unrelated to the cocaine conspiracy charged in the indictment. It is the defendants who are on trial in this case, not any particular group in Colombia. You should disregard any testimony regarding this group that does not relate to the offense charged.

## JURY INSTRUCTION NO. 19

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe. It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.   Keep in mind that a defendant has no obligation to call any witnesses to testify and it is the government that -at all times- bears the burden of proof.

## JURY INSTRUCTION NO. 20

### EVALUATION OF PRIOR CONSISTENT
### AND INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that the witness has previously made statements that are inconsistent with his present testimony. Such prior statements have been admitted into, and may be considered by you, as evidence. Should you find the prior statements to be inconsistent -- and whether the statements are inconsistent is a matter for you to judge -- you may consider such statements in connection with your evaluation of the truth of the witness's present testimony in court. Prior statements that omit details covered at trial are inconsistent if it would have been "natural" for the witness to include them in the earlier statement.

Where the testimony of a witness at trial is inconsistent with a prior statement of the witness, and that prior statement was given under oath subject to the penalty of perjury at another trial or at a hearing, deposition, or other proceeding, you may consider the prior statement both in evaluating the credibility of the witness at trial, and as evidence of any fact contained in the prior statement. Should you find the prior statement to be inconsistent with the witness's testimony, you may

consider the statement in determining what credence is to be given to the witness's present testimony in court. Should you find the prior statement to be truthful, you may consider it as evidence in this case.

The testimony of a witness may be rehabilitated or supported by showing that the witness has previously made statements that are consistent with his present testimony. The prior statements are admitted into evidence both for your consideration in evaluating the credibility of the witness and as evidence in this case. If you find the prior statements to be consistent, you may consider such statements both in evaluating the credence to be given to the witness's present testimony in court and as evidence in this case.

## JURY INSTRUCTION NO. 21

### UNTRUTHFUL TESTIMONY AT TRIAL

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters. You may either disregard all of that witness's testimony, or you may accept whatever part of it you think deserves to be believed.

## JURY INSTRUCTION NO. 22

### IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME — WITNESS

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his or her credibility as a witness. You may consider the prior

conviction only in connection with your evaluation of the credence to be given the witness's present testimony in court.

## JURY INSTRUCTION NO. 23

### DECISION OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has the absolute right not to testify. You must not draw any inference of guilt against any defendant because he did not testify.

## JURY INSTRUCTION NO 23.A

### DEFENDANT AS WITNESS

If a defendant chooses to testify, you should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case. You should not disregard or disbelieve his testimony just because he is a defendant in the case.

## JURY INSTRUCTION NO. 24

### EXPERT TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify to their opinions or conclusions. They are limited to relating facts of which they have firsthand knowledge. An exception to those rules is made for witnesses who qualify as experts. An expert witness in a particular field is permitted to give his or her opinion in evidence. Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and they also may state their reasons for their

16

opinion.

You are not bound by the opinion of an expert. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part. In other words, you should consider the witness's testimony in connection with the other evidence in the case and give it such weight as, in your judgment, it is fairly entitled to receive.

## JURY INSTRUCTION NO. 25

## LAW ENFORCEMENT OFFICER'S TESTIMONY

A law enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because that witness is a law enforcement officer.

## JURY INSTRUCTION NO. 26

## INFORMER'S TESTIMONY

You have heard evidence that certain witnesses are informers. Such witnesses have an arrangement with the government whereby they help the government obtain introductions to persons suspected of violating the law or help the government obtain evidence to be used in the prosecution of others. In exchange, they receive money, or immunity from punishment, or other personal advantage or vindication. The use of such persons is a recognized means of detecting criminal

conduct and the government is entitled to call such persons as witnesses.

However, when an informer testifies, his/her testimony should be examined with greater caution than the testimony of an ordinary witness. You should consider whether what this person receives from the government has motivated him/her to testify falsely against the defendant in order to further his/her own interests.

## JURY INSTRUCTION NO. 27

## COOPERATING WITNESS  (IF APPLICABLE)

You have heard evidence that certain witnesses hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the government in this case. These witnesses are referred to as "cooperating witnesses."

A cooperating witness has entered into a "plea agreement" with the government which provides that, in return for his assistance, the government may file a motion for reduction in his/her sentence. A cooperating witness may be subject to a mandatory minimum sentence; that is, a statute passed by Congress requires a sentence of a minimum length. If the government believes that the cooperating witness provided it with "substantial assistance" in this case, the government may file a motion that would enable the Court to sentence the cooperating witness to a term below the mandatory minimum. The Court has no authority to reduce a sentence below the mandatory minimum unless the government files such a motion. If the government does file such a motion, then the Court alone will decide whether to reduce the witness's sentence and, if so, how much.

You may give the testimony of a cooperating witness such weight as you think it deserves. Whether or not testimony of a such a witness may have been influenced by his/her hope of receiving

a reduced sentence is for you to decide.

## JURY INSTRUCTION NO. 28

## CONSENSUAL TAPE RECORDING

During the course of this trial, you may have heard the phrase "consensual recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual recording, on the other hand, is a recording where one party to the conversation consents to the conversation being recorded. It is lawful to conduct consensual recordings, and the other party or parties to the conversation do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

## JURY INSTRUCTION NO. 29

## TRANSCRIPTS OF TAPE RECORDINGS

Transcripts of recorded conversations were furnished and admitted for your convenience and guidance as you listened to the recordings to clarify portions which may have been difficult to hear, help you identify speakers, and to translate Spanish conversations into English.  Even if you happen to understand the Spanish spoken in the conversations, you should be guided by the English transactions.  Those English translations are substantive evidence in the case. You will be permitted the opportunity to take the transcripts of the recorded conversations with you into the deliberation

room.

## JURY INSTRUCTION NO. 30

## MULTIPLE DEFENDANTS — MULTIPLE COUNTS

Unless I have instructed you otherwise, you should consider each instruction that the Court has given to apply separately and individually to each defendant on trial. Likewise, you should give separate consideration and render separate verdicts with respect to each defendant. Each defendant is entitled to have his guilt or innocence of the crime for which he is on trial determined from his own conduct and from the evidence that applies to him, as if he were being tried alone. The guilt or innocence of any one defendant should not control or influence your verdict as to the other defendants. You may find any one or both of the defendants guilty or not guilty. At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any defendant on any charge, after which you will resume your deliberations as to the other remaining defendants and charges.

## JURY INSTRUCTION NO. 31

## PUNISHMENT NOT RELEVANT

You are instructed that at this stage of the proceeding, the question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way. You should weigh the evidence in the case and determine

the guilt or innocence of each defendant solely upon the basis of such evidence, without any

consideration of the matter of punishment.

## JURY INSTRUCTION NO. 32

## PROOF OF STATE OF MIND

Some of the elements of the offenses upon which I will instruct you require proof by the

government of a certain "state of mind," signified by using terms like "intentional" or "knowing."

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of

looking directly into the workings of the human mind; however, you may infer a defendant's intent

or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by the defendant, and all

other facts and circumstances received in evidence, that may indicate or tend to indicate the

defendant's intent or knowledge. You may infer, but you are not required to infer, that a person

intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you,

however, to decide what facts to find from the evidence received during this trial. You should

consider all the circumstances in evidence that you think are relevant in determining whether the

government has proved beyond a reasonable doubt that a defendant acted with the necessary state of

mind.

## JURY INSTRUCTION NO. 33

### "KNOWINGLY" — DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

## JURY INSTRUCTION NO. 34

### "ON OR ABOUT" PROOF OF

You will note that the indictment charges that some offenses were committed "on or about" a particular date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## I. CRIME  CHARGED IN INDICTMENT

### JURY INSTRUCTION NO.35

### CONSPIRACY TO VIOLATE NARCOTICS LAWS

Defendant adopts substantive instruction submitted by the government in its proposed instructions [Document 90].

### JURY INSTRUCTION NO. 36

### DEFENDANT'S THEORY OF THE CASE

The defendant reserves the right to submit a "theory of the case" instruction at the close of the evidence.

## JURY INSTRUCTION NO. 37

## COCONSPIRATOR STATEMENTS

During the course of this trial, you have heard a number of objections to testimony based on what the witness heard somebody else say. In some instances, out-of-court statements are considered hearsay and should be excluded. There are, however, many exceptions to the hearsay rule. In particular, certain statements made by coconspirators are not considered hearsay at all and are competent evidence for you to consider. With respect to this evidence, it is up to you to determine whether the statement was made at all, whether it was made in furtherance of the conspiracy and what weight, if any to give the statement.

## JURY INSTRUCTION NO. 38

## ELECTION OF A FOREPERSON

That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the Court in the event there is any matter about which you wish to communicate with the Court.

## JURY INSTRUCTION NO. 39

### UNANIMITY

The verdicts must represent the considered judgment of each juror. In order to return verdicts, it is necessary that each juror agree to the verdicts. Your verdicts must be unanimous. You should feel free, however, to consider and deliberate on the count or counts against each defendant in any order that you prefer. There is no requirement that you consider the charges against a specific defendant in any particular order or, indeed, that you consider the defendants themselves in any particular order, so long as you reach a unanimous verdict on all counts as to each defendant. A verdict must represent the considered judgment of each juror. As you know, your verdict on each count must be unanimous. Each juror must agree on it. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous. On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict. Remember at all times that you are not partisans; you are judges of the facts.

## JURY INSTRUCTION NO. 40

### EXHIBITS DURING DELIBERATIONS

I am sending into the jury room with you the exhibits that have been received in evidence (except for the weapons, ammunition, drugs, and money).  You may examine any or all of them as you consider your verdict.

If you wish to examine the weapon, ammunition, drugs, or money, the marshal will bring them to you and remain in the room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise deliberate while the marshal is present.

### JURY INSTRUCTION NO. 41

### COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled once you begin your deliberations to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of any of the defendants until after you have reached a unanimous verdict.

## JURY INSTRUCTION NO. 42

## VERDICT FORM

As I indicated earlier, a verdict form has been prepared for your convenience. You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdicts as to each defendant, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

## JURY INSTRUCTION NO. 43

## FURNISHING JURY WITH A COPY OF INSTRUCTIONS

I will provide you with a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. Although you may refer to any particular portion of the instruction, you are to consider the instructions as a whole, and you may not follow some and ignore others. The fact that you have been provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## JURY INSTRUCTION NO. 44

## COURT PROCEEDINGS DURING DELIBERATIONS

I do like to talk a little bit about how court will convene while you deliberate. First, during the period of deliberations, we will convene in court each day the same way we have, generally Monday through Thursday, 9:00 to 5. You will deliberate at your pace, you decide how much time it takes you to fairly and impartially consider each of the counts that you will be presented on the verdict form. The verdict form is lengthy, I'll warn you up front. There are lots of "racketeering acts" and predicate acts and all these other things where you have to make specific findings of either proven or not proven, and all those will be places on the form as well as forms where the foreperson will fill in either guilty or not guilty as to each of the counts in the indictment, and there will be some places where you have to fill in your findings on amounts of drugs involved as well, as I told you in the instructions. So I expect it will take you some time to fairly and impartially arrive at a fair verdict in this case.

During the course of that time, we will convene each day at 9:00 and close at 5. I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to. Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock. You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present. You can't have any separate discussion or deliberations unless all twelve are present. Once all twelve are present, then your foreperson can say, we can begin the discussions. And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present. That's the only rule you really have to follow during the time of your deliberations.

As I said, during the time of your deliberations, if I have a note from you, I'll respond, but I will give counsel an opportunity to comment on what my response will be before I respond. So

sometimes there may be some delay in responding to your note until I get all counsel here and have a hearing on what I should say to you because they're entitled to know what I am going to say.

### JURY INSTRUCTION NO. 45

### ALTERNATE JURORS

While you alternate jurors will not begin deliberations with the 12 regular jurors, it is possible that one or more of you could be called to deliberate at some future time. Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time. The Court will notify you when the jury has completed its deliberations. When that occurs, your jury service will be discharged and you will be free to discuss the case.

Respectfully submitted,

_____
Edward C. Sussman No. 173623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

Certificate of Service

I hereby certify that a copy of the foregoing has been served on all interested parties through the court's electronic filing system.

_____
Edward C. Sussman

29