UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )<br>    v.    )<br>    )    Criminal Case No. 06-101 (GK)<br>HAROL RODRIGO SUAREZ-GARCIA, )<br>    a/k/a "Jose Luis Herrera",  )<br>    a/k/a "Chico",    )<br>    a/k/a "Dominick",    )<br>    )<br>NESTOR DARIO CASTRO,    )<br>    a/k/a "Alberto",    )<br>    )<br>    Defendants.    )  | |

**GOVERNMENT'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME BASED ON COMPLEXITY OF CASE, REQUESTS FOR EVIDENCE FROM FOREIGN GOVERNMENTS, AND THE DISPOSITION OF PRE-TRIAL MOTIONS**

The Government submits the following additional information to the Court to supplement its filing on July 14, 2008, wherein the Government moved to Exclude Time Under the Speedy Trial Act Based on Complexity of the Case, Requests for Evidence from Foreign Governments, and the Disposition of Pre-Trial Motions (ECF Document 89). In the instant filing, the Government seeks to clarify that the 70-day period under the Speedy Trial Act has not expired as to either defendant. 18 U.S.C. § 3161(c)(1). Although the six-month exclusion of time under the Speedy Trial Act, granted by the Court on December 12, 2007 (ECF Document 18), expired on April 18, 2008, due to the tolling of the 70-day period in accordance with 18 U.S.C. § 3161(h)(1)(F) and (J), the 70-day period in which to try the defendants has not expired. Accordingly, for the reasons set forth in the Government's Motion to Exclude Time Under the Speedy Trial Act Based on Complexity of the Case, Requests for Evidence from Foreign

Governments, and the Disposition of Pre-Trial Motions, the Government respectfully requests the Court grant its motion to exclude the time from April 18, 2008 to August 18, 2008 under the Speedy Trial Act, in accordance with Zedner v. United States, 547 U.S. 489, 506-07 (2006) (holding that Speedy Trial findings must be made on the record, and such findings can be made at any time prior to the dismissal of the indictment for violation of the Speedy Trial Act).

## Factual Background

Castro was arraigned on October 9, 2007. See Minute Order, entered October 10, 2007. On October 18, 2007, the Government filed its first Motion to Exclude Time Under Speedy Trial Act (ECF Document 11) as to Castro, which was granted by the Court on December 12, 2007 (ECF Document 18). In its Memorandum Order, the Court granted the Government's motion to exclude time for six months from the date of filing, pursuant to 18 U.S.C. § 3161(h)(1)(7), § 3161(h)(8)(A), and § 3161(h)(B)(i) and (ii).

Suarez was arraigned on January 15, 2008. See Minute Order, entered January 17, 2008. The Government filed its first Motion to Exclude Time Under Speedy Trial Act (ECF Document 20) with respect to Suarez on January 15, 2008, which was granted by the Court on the same day (ECF Document 20-2). In its Order, the Court stated that the extension of time under the Speedy Trial Act as to Suarez would be retroactive to October 18, 2007.

## Argument

The Court's six-month exclusion of time under the Speedy Trial Act expired on April 18, 2008. See Memorandum Order, dated December 12, 2007; Memorandum Order, dated January 15, 2008. Thus, to determine whether the 70-day period under the Speedy Trial Act has expired, it is first necessary to calculate the number of days remaining in the 70-day period as to each

defendant. 18 U.S.C. § 3161(c)(1). Because ten days passed between Castro's arraignment on October 9, 2007 and the filing of the Government's Motion to Exclude Time under the Speedy Trial Act on October 18, 2007, 60 days remained on Castro's Speedy Trial calendar when the six-month extension expired on April 18, 2008. Id. However, with respect to Suarez, because the Government's Motion to Exclude Time under the Speedy Trial Act was filed on the same day as Suarez's arraignment, 70 days remained on Suarez's Speedy Trial calendar when the six-month extension expired.

Under the Speedy Trial Act, any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable. 18 U.S.C. § 3161(h)(1)(F). However, the amount of time excludable under this provision of the Speedy Trial Act depends on whether the court holds a hearing on the motion. See Henderson v. United States, 476 U.S. 321, 322 (1986) (deciding whether, under § 3161(h)(1)(F), the exclusion of time is limited to reasonably necessary delays). In Henderson, the Supreme Court observed that § 3161(h)(1)(F) must be read in conjunction with § 3161(h)(1)(J), which limits the amount of time excluded under the Act as a result of "delay reasonably attributable to any period . . . during which any proceeding concerning the defendant is actually under advisement by the court" to 30 days. Id. at 328-29. Accordingly, the Henderson Court held that motions resulting in "prompt dispositions" based on written filings are limited to the exclusion of 30 days under the Speedy Trial Act, while motions requiring hearings are not subject to the 30-day limitation. See Id. at 329-31; United States v. Bryant, 523 F.3d 349, 359 (D.C. Cir. April 25, 2008) (citing Henderson for same proposition). If the court holds a hearing, the entire period of delay between the filing of the motion and the conclusion of the hearing is

excludable.  See Henderson, 476 U.S. at 326-27.  However, if the court decides the motion without a hearing:

> "the Act excludes the period of time between the filing of the motion and 'the day the court receives all the papers it reasonably expects to help it decide the motion.' ... After the court receives the necessary papers, the motion is considered 'under advisement by the court,' and up to thirty days more may be excluded while the court considers the matter."
>
> United State v. Van Smith, 2008 WL 2583026 at *2, __ F.3d ___ (D.C. Cir. July 1, 2008)

(internal citations and quotations omitted); see United States v. Wilson, 835 F.2d 1440, 1443 (D.C. Cir. 1987) (finding that §§ 3161(h)(1)(F) and (h)(1)(J) "exclude the time between the filing of a motion and the date it is taken under advisement by the court, plus the time during which the court holds the motion under advisement (up to 30 days).").

**A.    Because pre-trial motions were filed on May 13, 2008, the 70-day time period has not expired under the Speedy Trial Act.**

As previously stated, the six-month extension under the Speedy Trial Act expired on April 18, 2008.  As such, the speedy trial clock began to run on April 19, 2008.  On May 13, 2008, May 14, 2008, and May 15, 2008, the defendants filed various motions, thereby tolling the 70-day period pursuant to § 3161(h)(1)(F).  Thus, between April 18, 2008 (when the six-month extension expired) and May 13, 2008 (when the first motion was filed by the defense), 25 non-excludable days passed.

With the exception of those motions that are still pending, all of the motions have been resolved without hearings.  As such, the maximum amount of time that is excludable under the Speedy Trial Act is 30 days from the date when the Court received all of the necessary papers upon which to make a determination.  See Van Smith, 2008 WL 2583026 at *2, __ F.3d at__ ;

<u>Wilson</u>, 835 F.2d at 1443.  Those motions, including the dates the motions were filed, the dates of any response or opposition, and the dates of disposition, are included in the chart below:[1]

| Party | Motion | Doc # | Dated Filed | Date Decided by the Court | Doc # |
|---|---|---|---|---|---|
| **Suarez** | **Motion for Release of Brady Materials** | **46** | **5/13/08** | **pending** | |
| Suarez | Motion for Disclosure of Statements Under FRE 801(d)(2)(E) | 47 | 5/13/08 | 6/10/08 | 74 |
| Suarez | Motion to Adopt Co-defendant Motions | 48 | 5/13/08 | 5/16/08 | 57 |
| Suarez | Motion to Compel Disclosure of Expert Testimony | 49 | 5/14/08 | 6/10/08 | 70 |
| Castro | Motion for Disclosure of Jencks/Giglio Material & Witness and Exhibit Lists | 52 | 5/15/08 | 6/10/08 | 72 |
| Castro | Motion for Disclosure of Confidential Source | 53 | 5/15/08 | 6/10/08 | 73 |
| **Castro** | **Motion in Limine to Preclude Wiretap Evidence & Request for Translated Transcripts** | **54** | **5/15/08** | **6/12/08** | **77** |
| **Castro** | **Motion for Bill of Particulars** | **55** | **5/15/08** | **6/12/08** | **76** |
| Castro | Motion to Adopt Co-defendant Motions | 56 | 5/15/08 | 5/16/08 | 57 |
| Castro | Motion for 404(b) Evidence | 60 | 5/23/08 | 6/10/08 | 71 |
| USA | Response to Motion for Bill of Particulars | 62 | 5/29/08 | 6/12/08 | 76 |
| USA | Response to Motion for Disclosure of Jencks/Giglio Material & Witness and Exhibit Lists | 63 | 5/29/08 | 6/10/08 | 72 |
| USA | Response to Motion in Limine to Preclude Wiretap Evidence & Request for Translated Transcripts | 64 | 5/29/08 | 6/12/08 | 77 |

---

[1] Those motions pertinent to the instant filing appear in bold.

| | | | | | |
|---|---|---|---|---|---|
| USA | Response to Motion to Compel Disclosure of Expert Testimony | 65 | 5/29/08 | 6/10/08 | 70 |
| USA | Response to Motion for Disclosure of Statements Under FRE 801(d)(2)(E) | 66 | 5/29/08 | 6/10/08 | 74 |
| USA | Response to Motion for 404(b) Evidence | 67 | 6/01/08 | 7/14/08 | 90 |
| USA | Response to Motion for Disclosure of Confidential Source | 68 | 6/01/08 | 6/10/08 | 73 |
| USA | **Response to Motion for Release of Brady Materials** | **69** | **6/01/08** | **pending** | |
| USA | **Supplemental Response Regarding Motion for 404(b) Evidence** | **78** | **6/23/08** | **7/14/08** | **90** |
| **Suarez** | **Memorandum in Opposition as to Supplemental Motion for 404(b) Evidence** | **83** | **7/4/08** | **7/14/08** | **90** |
| USA | Motion in Limine for Jencks Act Hearings Outside the Presence of the Jury | 84 | 7/09/08 | pending | |
| USA | **Motion to Exclude Time Under the Speedy Trial Act** | **89** | **7/14/08** | **pending** | |

The case law in the D.C. Circuit provides that the day upon which a motion is filed is excludable under the Speedy Trial Act. United States v. Fonesca, 435 F.3d 369, 371 (D.C. Cir. 2006) (holding that excluded time includes the day on which a motion is filed); see also United States v. Hemphill, 514 F.3d 1350, 1357 (D.C. Cir. Feb. 8, 2008) (same).

The defense filed a Motion for Release of Brady Materials on May 13, 2008 (ECF Document 46). The Government filed its response to said motion on June 1, 2008 (ECF Document 69). To date, that motion is still pending. However, because this motion is not set to be resolved by a hearing, only 30 days can be excluded under the Speedy Trial Act. See Henderson, 476 U.S. at 329-31; Van Smith, 2008 WL 2583026 at *2, __ F.3d at__; Bryant, 523 F.3d at 359. As such, the 30-day limitation under § 3161(h)(1)(J) began on June 2, 2008 and

expired on July 1, 2008. Thereafter, the Government filed its Motion to Exclude Time Under the Speedy Trial Act on July 14, 2008, thereby tolling the Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(F). Therefore, if the Motion for Release of Brady Materials was the only motion filed between May 13, 2008 and July 14, 2008, then the Speedy Trial clock would have begun to run again on July 2, 2008. Under these circumstances, 12 non-excludable days would have passed between July 2, 2008 and July 14, 2008. Thus, under this approach, a total of 37 non-excludable days would have passed between April 18, 2008 (when the six-month extension expired) and July 14, 2008 (when the Government filed its motion to exclude time under the Speedy Trial Act). As such, there is still ample time remaining in which to provide both defendants with a speedy trial, specifically 23 days remain in the 70-day calculation as to Castro, and 33 days remain under the 70-day calculation as to Suarez.

B. **Even if the Court finds that the Motion for Release of Brady Materials did not toll the time-period under the Speedy Trial Act, the 70-day time period still has not expired.**

However, the Motion for Release of Brady Materials was not the only pre-trial motion filed between the expiration of the six-month extension on April 18, 2008 and the filing of the Government's Motion to Exclude Time Under the Speedy Trial Act on July 14, 2008. In accordance with the plain meaning of the statute, the 30-day limitation under § 3161(h)(1)(F) and (h)(1)(J) applies to the filing of "any pre-trial motion." Even assuming, *arguendo*, that the Motion for Release of Brady Materials was disposed of by the Court, the 70-day period under the Speedy Trial clock still has not expired. Excluding the Motion for Release of Brady Materials, the last of the motions filed between May 13 and May 15, 2008 was decided on June 12, 2008. See ECF Documents 76 and 77. The Government filed its Supplemental Response regarding the

Defendants' Motion for 404(b) Evidence on June 23, 2008 (ECF Document 78), thereby tolling the period under the Speedy Trial clock. See 18 U.S.C. § 3161(h)(1)(F). The defendants filed their response in opposition on July 4, 2008 (ECF Document 83), thereby initiating the 30-day time limit under § 3161(h)(1)(J). The Court decided that motion on July 14, 2008 (ECF Document 90), the same day that the Government filed its Motion to Exclude Time Under the Speedy Trial Act (ECF Document 89). Thus, effectively, the Speedy Trial clock has been tolled since June 23, 2008. As such, only 10 non-excludable days passed between the filing of the Government's Supplemental Response Regarding the Defendants' Motion for 404(b) evidence on June 23, 2008 and the Court's disposition of the Motion for Bill of Particulars and the Motion in Limine to Preclude Wiretap Evidence & Request for Translated Transcripts on June 12, 2008. Therefore, even if the Motion for Release of Brady Materials was not still pending, only 10 non-excludable days would have passed between the disposition of the motions on June 12, 2008, and the filing of the Government's Supplemental Response regarding the Defendants' Motion for 404(b) Evidence. Accordingly, there is ample time remaining in which to provide both defendants with a speedy trial, specifically 25 days remain in the 70-day calculation as to Castro, and 35 days remain under the 70-day calculation as to Suarez.

Thus, in sum, the 70-day period under the Speedy Trial Act has not expired as to either defendant. Accordingly, this Court must make findings on the record with respect to the Government's Motion Under the Speedy Trial Act to Exclude Time Based on Complexity of Case, Requests for Evidence from Foreign Governments, and the Disposition of Pre-Trial Motions (ECF Document 89). See Zedner v United States, 547 U.S. 489, 506-07 (2006) ("Although the Act is clear that the findings must be made, if only in the judge's mind, before

granting the continuance ... the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.' However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).") (internal citations omitted).

## Conclusion

For the foregoing reasons, the 70-day period under the Speedy Trial Act has not expired as to either defendant. As a result, the Government moves to supplement its Motion to Exclude Time Based on Complexity of Case, Requests for Evidence From Foreign Countries, and the Disposition of Pre-Trial Motions, and respectfully requests that this Court exclude the time between April 18, 2008 and August 18, 2008 pursuant to the reasons set forth in the Government's Motion to Exclude Time Based on Complexity of Case, Requests for Evidence From Foreign Countries, and the Disposition of Pre-Trial Motions (ECF Document 89).

Respectfully submitted,

/s/  *Mary E. Mogavero*
MARY E. MOGAVERO
Trial Attorney,
United States Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W., Suite 11406
Washington, DC 20530
Phone:  (202) 305-2795
Fax:    (202) 514-6112
E-Mail: Mary.Mogavero@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of July, 2008, a copy of the foregoing Supplemental Submission in Support of the Government's Motion Under the Speedy Trial Act to Exclude Time Based on Complexity of Case, Requests for Evidence From Foreign Governments, and the Disposition of Pre-Trial Motions was filed electronically with the Clerk of the Court and served on all counsel of record through the electronic case filing system.

   /s/  *Mary E. Mogavero*
Mary E. Mogavero
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Ave NW
Washington, DC 20530
202-514-0917